**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**ELTON WILLIAMSON, and**
**KEISHA HESS,**

**Plaintiffs,**

**v.** **No. 1:26-cv-01025-JDB-jay**

**KIMBERLY BOYKIN,**
**BRYAN CATHY,**
**DAN FOWLKES, and**
**JAN SIMPSON,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

---

On February 9, 2026, Plaintiffs Elton Williamson and Keisha Hess, proceeding *pro se*, brought this action against the above-named defendants. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Plaintiffs sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 3, 7). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

This action arises from two fires that caused property damage. Using a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" form, Plaintiffs allege that on August 8, 2021, a fire occurred at a trailer in Humboldt, Tennessee, that Plaintiff Elton Williamson was purchasing. (D.E. 1 at 2). On April 24, 2023, another fire occurred in a shop located in Milan, Tennessee, that

Plaintiff Williamson owned. (*Id.*) Both fires appear to have been investigated by the Tennessee Bureau of Investigation's Arson Unit. (*See* D.E. 1-1 at 7, 10).

On May 26, 2023, Plaintiff Keisha Hess purchased the Milan property. (D.E. 1 at 3). Before Plaintiff Hess took possession of the property, squatters caused additional damage to the Milan property on June 15, 2023. (*Id.*) According to Plaintiffs, Defendant Bryan Cathy, the Gibson County Fire Chief, and Jim Simpson, a State Farm Insurance Company investigator, falsely and fraudulently accused Plaintiffs of causing the damage to both properties. (*Id.* at 2, 3).

It is unclear from their Complaint, however, it appears that Plaintiffs were defendants in a state court lawsuit relating to the fires. (*Id.* at 3). On January 30, 2024, a restraining order was entered against Plaintiffs. (*Id.*) Again, while unclear from the Complaint, it appears that the state court injunction involved Plaintiffs "stating fraudulent accusation of arson and for slander for filing complaints with [the] State of Tennessee and the IRS." (*Id.*)

Plaintiff alleges that Defendant Cathey made false statements that led to Plaintiffs being prosecuted. They further allege that Defendant Cathy and Defendant Kimberly Boykin "conspired to gain monetary damages in the amount of 7.5 Million Dollars for false statements and affidavits." (*Id.*) In addition, Plaintiffs allege that Defendant Boykin defrauded the United States Bankruptcy Court, and that Defendants Cathy and Simpson conspired to commit insurance and mortgage fraud. (*Id.*)

In terms of the relief sought, Plaintiffs ask the Court for "imprisonment, deprivation of rights, conspiracy against rights, maliciously causing defamation, slandering which has caused economic damages, loss of income, loss of earning capacity, depression, loss of business opportunity, pain and suffering, shame, loss of enjoyment of life, public humiliation." (*Id.* at 4). They further ask the Court to "hold individuals accountable, restore the honor and integrity of

military serviceman [Plaintiff] Kiesha Hess Purple Heart." (*Id.*) Finally, they request $10 million in damages. (*Id.*)

II.

A. 28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* This Report and Recommendation constitutes the Court's screening.

B. Standard of Review for Failure to State a Claim

To determine whether Plaintiffs' Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. However, "pleadings that ... are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)).

C. Analysis

Plaintiffs' Complaint should be dismissed for several reasons. First, Plaintiffs have failed to adequately allege a claim under 42 U.S.C. § 1983. Next, Plaintiffs make no factual allegations against Defendant Dan Fowlkes. Third, Defendants Jim Simpson and Kimberly Boykin are private actors and not subject to suit under § 1983. Finally, Plaintiffs' claims are time-barred.

*1. Failure to state a claim*

To establish a cause of action under § 1983, Plaintiffs must allege: (1) deprivation of a right secured by the Constitution or laws of the United States that was (2) caused by a person acting

under the color of state law. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citations omitted). And, in order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals under § 1915(e)(2)(B)). Here, Plaintiffs state that their rights have been violated, but they fail to identify which Constitutional rights and how those rights have been violated. Furthermore, they offer no factual allegations as to how any defendants acting under color of state law deprived them of any rights. Such a conclusory allegation fails to state a claim for relief under § 1983.

*2. No allegations against Defendant Dan Fowlkes*

To state a claim for relief under § 1983, Plaintiffs must allege that each defendant had "personal involvement" in the deprivation of their rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Here, Plaintiffs make no factual allegations against Defendant Dan Folwkes. As such, he should be dismissed.

*3. Defendants Simpson and Boykin are not state actors*

"A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *Nagdy v. Members of (Ky. MAS)*, No. 3:25CV P340, 2025 WL 2982599, at *3 (W.D. Ky. Oct 22, 2025). Unless private entities are "exercise[ing] power possessed by virtue of state law and . . . they are clothed with the authority of state law[,]" they do not act under the color of state law. *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 892 (6th Cir. 2025) (internal quotations omitted). Here, Defendant Simpson is identified as an investigator for State Farm Insurance, and Defendant Boykin is identified as the

COO of Dynamic Family. (*See* D.E. 1 at 2). Plaintiffs do not allege that either of these private actors exercised any power possessed by virtue of state law or were otherwise acting under the authority of state law. As such, Plaintiffs fail to establish a § 1983 claim against Defendants Simpson and Boykin.

*4. Statute of limitations*

Plaintiffs' claims are time-barred. Section 1983 borrows the applicable limitations period from state law, and Tenn. Code Ann. § 28-3-104(a) requires that civil-rights actions be filed "within one (1) year after the cause of action accrued." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting Tenn. Code Ann. § 28-3-104(a)). While state law controls the limitation period, federal law governs when the claim accrues. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Under federal law, civil rights actions accrue, and the limitations period begins, when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. *Id.*

While the contours of Plaintiffs' claims are unclear, the latest date of any event they reference in their Complaint is January 30, 2024. (*See* D.E. 1 at 3). Plaintiffs' lawsuit was not filed until February 9, 2026 – almost two years later. Because Plaintiffs' action is untimely, their Complaint should be dismissed.

III.

For all these reasons, it is **RECOMMENDED** that Plaintiffs Elton Williamson and Keisha Hess's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted, this the 19th day of October, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**