UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

ELTON WILLIAMSON and
KEISHA HESS,

Plaintiffs,

v. No. 1:26-cv-01025-JDB-jay

KIMBERLY BOYKIN et al.,

Defendants.

---

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

---

On February 9, 2026, Plaintiffs, Elton Williamson and Keisha Hess, proceeding pro se, filed a complaint against Defendants, Kimberly Boykin, Bryan Cathy, Dan Fowlkes, and Jim Simpson. (Docket Entry ("D.E.") 1.) By Administrative Order, this matter was referred to the United States magistrate judge for management of all pretrial matters and for determination and/or report and recommendation. Admin. Order 2013-05. Because Plaintiffs sought and received in forma pauperis status, (D.E. 2, 3, 7), the magistrate judge was required to perform a screening of this action before summons were issued as to any defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

On October 19, 2026, Judge Jon A. York entered a report and recommendation (the "R&R") recommending that Plaintiffs' complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 8 at PageID 33.) Plaintiff Hess filed objections. (D.E. 9)

The R&R stated that Plaintiffs' complaint failed to state a claim upon which relief could be granted. (D.E. 8 at PageID 31-32.) Because Plaintiffs filed a § 1983 claim, they were required to allege "(1) deprivation of a right secured by the Constitution or laws of the United States that

was (2) caused by a person acting under color of state law." (*Id.*) While Plaintiffs stated a violation of rights, "they fail[ed] to identify which Constitutional rights and how those rights ha[d] been violated." (*Id.* at PageID 32.) Further, Plaintiffs did not present facts demonstrating how Defendants acted under color of state law. (*Id.*) In fact, Defendants Boykin and Simpson are private parties rather than state actors, and Plaintiffs failed to set forth any allegations whatsoever against Defendant Fowlkes. (*Id.*)

The R&R also concluded that Plaintiffs' claims were time-barred. (*Id.* at PageID 33.) The applicable limitations period for § 1983 claims is controlled by state law, while "federal law governs when the claim accrues." (*Id.*); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see* Tenn. Code Ann. § 28-3-104(a)(1)(B). "Under federal law, civil rights actions accrue, and the limitations period begins, when the plaintiff knows or has reason to know of the injury that forms the basis of the claim." (D.E. 8 at PageID 33 (citing *Sevier*, 742 F.2d at 273).) Tennessee law requires civil rights actions to be filed within one year after accrual. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting Tenn. Code Ann. § 28-3-104(a)(1)). Plaintiffs' lawsuit was filed over two years after the latest date referenced in their complaint, (*see* D.E. 1 at PageID 3), thus rendering their action untimely. (D.E. 8 at PageID 33.)

Congress enacted 28 U.S.C. § 636 to "relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate[ judges]." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)). Upon the filing of objections to a report and recommendation entered by a magistrate judge, the district judge is to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2).

The Court has reviewed the R&R, Plaintiff Hess's objections, the applicable law, and all relevant portions of the record. Upon a thorough de novo review thereof, the Court determines that the objections are OVERRULED, the R&R is ADOPTED, and Plaintiffs' complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a de novo review of the record and adopts the [R&R] . . . .'" (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))); *see also* 12 *Wright & Miller's Federal Practice & Procedure* § 3070.2 (3d ed.) (update Apr. 2026).

IT IS SO ORDERED this 13th day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE